IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.M. HOLLISTER, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. C-2-03-703 |
| ) | |
| v. ) | Judge John D. Holschuh |
| ) | Magistrate Judge Terence P. Kemp |
| AMERICAN EAGLE OUTFITTERS, INC., ) | |
| ) | |
| Defendant. ) | |

**AMERICAN EAGLE OUTFITTERS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, American Eagle Outfitters, Inc. (hereinafter "AE"), through its attorneys, hereby answers plaintiff's, J.M. Hollister, LLC's (hereinafter "Hollister"), Complaint as follows:

1. AE is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies same.

2. AE admits the allegations of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, AE admits that Hollister's Complaint purports to state claims arising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Ohio Deceptive Trade Practices Act, and the common law of the state of Ohio, but denies that Hollister has any such claims or that such claims are justified.  In further response to paragraph 3 of the Complaint, AE admits that this Court has subject matter jurisdiction over the present action.

4. In response to paragraph 4 of the Complaint AE admits that venue in this judicial district is proper.

5. In response to paragraph 5 of the Complaint, AE admits on information and belief that Hollister markets clothing and other accessories to boys and girls between the ages of 14 and 18. With respect to the remaining allegations of paragraph 5 of the Complaint, AE is without knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies same.

6. In response to paragraph 6 of the Complaint, AE admits on information and belief that Hollister was established by its parent company Abercrombie & Fitch Co. ("Abercrombie") in 2000. With respect to the remaining allegations of paragraph 6 of the Complaint, AE is without knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies same.

7. In response to paragraph 7 of the Complaint, AE denies that one of the distinguishing features of the HOLLISTER CO. brand is its use of the number "22". With respect to the remaining allegations of paragraph 7 of the Complaint, AE is without knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies same.

8. AE denies the allegations of paragraph 8 of the Complaint.

9. AE denies the allegations of paragraph 9 of the Complaint.

10. AE admits the allegations of paragraph 10 of the Complaint, except that it denies the listed products constitute the "American brand". AE also affirmatively states that it primarily markets its products to 20 year old men and women.

11. AE denies the allegations of paragraph 11 of the Complaint, except that it admits that AE has been a retailer since at least 1977 and sells at least $1.46 billion per year of merchandise under the American Eagle Outfitters and AE trademarks.

12. In response to paragraph 12 of the Complaint, AE admits that it has used on clothing and accessories, including baseball caps and graphic t-shirts, AE trademarks along with other ornamental graphics, such as 22, AE SURF CO. 22, EAGLE 22, AM. EAGLE OUTFITTERS 22, and SOUTH EASTERN AE-22, and that photographs of some of the clothing and accessories sold by AE that bear the above ornamental graphics are attached as Exhibit 2 to the Complaint.  AE denies that it only recently began using the ornamental number "22" on its clothing and accessories.

13. In response to paragraph 13 of the Complaint, AE admits that on or about May 20, 2003, Frank J. Colucci sent a letter to Roger S. Markfield, that a copy of the letter is attached as Exhibit 3 to the Complaint, and that the text of the letter speaks for itself.  AE denies the remaining allegations of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, AE states that the letter of May 20, 2003 attached as Exhibit 3 to the Complaint speaks for itself, and admits that AE sent a letter dated May 27, 2003 stating that the matter was being investigated.  AE denies the remaining allegations of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, AE admits that on June 13, 2003, Donald F. Frei sent a letter to Frank J. Colucci responding to the May 20, 2003 letter, that the text of the letter speaks for itself, and that a copy of the June 13, 2003 letter is attached as Exhibit 4 to the Complaint.  AE denies the remaining allegations of paragraph 15 of the Complaint.

16. AE denies the allegations of paragraph 16 of the Complaint.

17. The allegations of paragraph 17 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, AE denies the allegations of paragraph 17 of the Complaint.

### Count I - Lanham Act Violations

18. In response to paragraph 18 of the Complaint, AE incorporates its answers to paragraphs 1-17 as though fully set forth herein.

19. AE denies the allegations of paragraph 19 of the Complaint.

20. AE denies the allegations of paragraph 20 of the Complaint.

21. AE denies the allegations of paragraph 21 of the Complaint.

22. AE denies the allegations of paragraph 22 of the Complaint.

23. AE denies the allegations of paragraph 23 of the Complaint.

### Count II - Common Law Trademark Infringement and Unfair Competition

24. In response to paragraph 24 of the Complaint, AE incorporates its answers to paragraphs 1-17 as though fully set forth herein.

25. AE denies the allegations of paragraph 25 of the Complaint.

26. AE denies the allegations of paragraph 26 of the Complaint.

27. AE denies the allegations of paragraph 27 of the Complaint.

28. AE denies the allegations of paragraph 28 of the Complaint.

29. AE denies the allegations of paragraph 29 of the Complaint.

### Count III - Common Law Trade Dress Infringement and Unfair Competition

30. In response to paragraph 30 of the Complaint, AE incorporates its answers to paragraphs 1-17 as though fully set forth herein.

31. AE denies the allegations of paragraph 31 of the Complaint.

32. AE denies the allegations of paragraph 32 of the Complaint.

33. AE denies the allegations of paragraph 33 of the Complaint.

34. AE denies the allegations of paragraph 34 of the Complaint.

35. AE denies the allegations of paragraph 35 of the Complaint.

### Count IV - Deceptive Trade Practices

36. In response to paragraph 36 of the Complaint, AE incorporates its answers to paragraphs 1-17 as though fully set forth herein.

37. AE denies the allegations of paragraph 37 of the Complaint.

### AFFIRMATIVE DEFENSES

By and for its Affirmative Defenses, AE states:

### First Affirmative Defense

38. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

39. Hollister's claims are barred, in whole or in part, by the equitable doctrine of laches.

**Third Affirmative Defense**

40. Hollister's claim are barred, in whole or in part, by the equitable doctrine of unclean hands.

**Fourth Affirmative Defense**

41. Hollister's claims are barred because Hollister has not used the number "22" in a trademark, service mark and/or trade dress context and, therefore, has established no trademark, service mark and/or trade dress rights in that number.

**Fifth Affirmative Defense**

42. AE has not used the number "22" as a trademark, service mark or trade dress and, therefore, could not have infringed any alleged trademark, service mark or trade dress rights of Hollister in that number.

**Sixth Affirmative Defenses**

43. Hollister's claims are barred because Hollister did not begin using the number "22" until after AE used that number on its clothing.

**Seventh Affirmative Defense**

44. Hollister's claims are barred because Hollister cannot demonstrate secondary meaning that clothing bearing the number "22" is perceived by consumers as emanating from a single source, namely, Hollister and, therefore, Hollister has no trademark, service mark or trade dress rights in the number "22".

**Eighth Affirmative Defense**

45. Hollister's claims are barred because Hollister's alleged use of the number "22" as a trademark, service mark and/or trade dress constitutes a deceptive use as it falsely asserts to the consumer that Hollister was established in 1922.

**Ninth Affirmative Defense**

46. AE's use of the ornamental number "22" is not likely to lead to or result in confusion, mistake or deception, nor is it likely to cause the relevant public to believe that Hollister has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with AE's commercial and business activities in the clothing industry and, therefore, was and is not a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a violation of Ohio common law with respect to trademarks, trade dress and/or unfair competition, or a violation of the Ohio Deceptive Trade Practices Act.

WHEREFORE, defendant American Eagle Outfitters, Inc. prays that:

A. Hollister's Complaint be dismissed with prejudice and that judgment be entered for American Eagle Outfitters, Inc.

B. This case be adjudged and decreed exceptional pursuant to 15 U.S.C. § 1117(a), and groundless pursuant to O.R.C. § 4165.03(B), and American Eagle Outfitters, Inc. be awarded its costs and attorney fees in defending this action.

C. American Eagle Outfitters, Inc. be granted such other and further relief as this Court deems just and proper.

                        AMERICAN EAGLE OUTFITTERS, INC.

Dated: September 22, 2003         /s/ Theodore R. Remaklus
                                      Theodore R. Remaklus (0061557)
                                      tremaklus@whepatent.com
                                      Trial Attorney
                                      Donald F. Frei (0002190)
                                      dfrei@whepatent.com
                                      WOOD, HERRON & EVANS, L.L.P.
                                      2700 Carew Tower
                                      441 Vine Street
                                      Cincinnati, Ohio 45202
                                      Telephone:    (513) 241-2324
                                      Facsimile:    (513) 421-7269

                                      Counsel for Defendant
                                      American Eagle Outfitters, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 22, 2003**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Frank A. Ray, Frank A. Ray Co., L.P.A.; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Frank J. Colucci (FC-8441)
COLUCCI & UMANS
Manhattan Tower
101 East 52nd Street
New York, New York 10022

 /s/ Theodore R. Remaklus
Theodore R. Remaklus (0061557)
tremaklus@whepatent.com
Trial Attorney
Donald F. Frei (0002190)
dfrei@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone:    (513) 241-2324
Facsimile:    (513) 421-7269

Counsel for Defendant
American Eagle Outfitters, Inc.