IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.M. HOLLISTER, LLC, | : | |
| Plaintiff, | : | Case No. 2:03-CV-703 |
| v. | : | Judge Holschuh |
| AMERICAN EAGLE OUTFITTERS, INC., | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | | |
| | : | |

**MEMORANDUM & ORDER**

Plaintiff J.M. Hollister, LLC ("Hollister") brought an action against Defendant American Eagle Outfitters, Inc. ("AE") alleging that AE had infringed upon Hollister's common law trademark in the number "22." On September 27, 2004, this Court granted Defendant's motion for summary judgment. This matter is currently before the Court on Defendant's motion for attorney fees and costs. (Record at 40). For the reasons stated below, Defendant's motion is **DENIED**.

**I.     Relevant Law**

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The possibility of an award of attorney fees is meant to encourage plaintiffs to bring meritorious claims of trademark infringement and to protect defendants from frivolous suits brought for improper purposes. As interpreted by the Sixth Circuit, this provision presents two distinct issues. First, is the case an "exceptional" case within the meaning of the Lanham Act? If not, no fees may be awarded. But if the case is "exceptional," the Court may, in its broad discretion, award fees to the prevailing

party. See U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1192 (6th Cir. 1997) ("§ 1117(a) makes attorneys' fees available only in exceptional cases and rests the decision to award them in the discretion of the district court").

Unfortunately, the Lanham Act does not provide a definition of "exceptional cases." The Sixth Circuit, however, has held that "[i]n applying 15 U.S.C. § 1117(a) to a prevailing defendant, . . . an 'exceptional' case is one 'where a plaintiff brings a suit that could fairly be described as 'oppressive.'" Eagles, Ltd. v. American Eagle Found., 356 F.3d 724, 728 (6th Cir. 2004) (quoting Balance Dynamics Corp. v. Schmitt Indus., Inc., No. 98-1143, 2000 U.S. App. LEXIS 3290, at *2 (6th Cir. Feb. 25, 2000) (unpublished)). The test for whether a case is oppressive "requires an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation." Eagles, 356 F.3d at 729. Support for this two-part test is found in the legislative history of the Lanham Act. "Awarding attorney's fees to a prevailing defendant is meant to 'provide protection against *unfounded* suits brought by trademark owners for *harassment* and the like.'" Id. (quoting S. Rep. No. 93-1400 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7136) (emphasis added).

**II.     Discussion**

Defendant argues that Plaintiff's trademark infringement suit fails both the objective and subjective tests. Defendant contends that Plaintiff's suit was completely unfounded and was brought in bad faith as a competitive ploy. Plaintiff, on the other hand, argues that it had a good faith belief that it had acquired a common law trademark in the number "22" and that Defendant was infringing on that trademark. Plaintiff contends that it filed suit to protect its intellectual property rights.

### A. Objective Inquiry – Merits of Plaintiff's Claim

Defendant argues that this case "was unfounded, oppressive and lacked merit" from its very inception. Defendant notes that prior to filing suit, Plaintiff sent Defendant a "cease and desist" letter. In response, Defendant's counsel stated his belief that Plaintiff's allegations of trademark infringement were baseless. In his view, AE's use of the number "22" was merely ornamental, and Hollister's use of that number had not resulted in the acquisition of common law trademark rights. Plaintiff nevertheless filed suit and Defendant moved for summary judgment. Defendant notes that, in granting that motion, the Court held that Plaintiff had failed to create a genuine issue of material fact concerning: (1) whether Hollister and AE made trademark use of the number "22;" and (2) whether Hollister had established secondary meaning in the number "22." The Court characterized the issue of Hollister's failure to demonstrate a trademark use of the number "22" as "clear-cut." (Sept. 27, 2004 Mem. & Order at 19).

Of course, the mere fact that the Court granted Defendant's motion for summary judgment is not dispositive. See Taj Mahal Enterprises, Ltd. v. Trump, 745 F. Supp. 240, 253 (D.N.J. 1990)(denying defendant's motion for attorney fees even though plaintiff "failed to present more than a mere scintilla of evidence to support its claims" and lost on summary judgment). The Sixth Circuit has held that "where a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate." Eagles, 356 F.3d at 728 (quoting American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc., 185 F.3d 606, 625 (6th Cir. 1999)). See also Murray Hill Publ'ns, Inc. v. ABC Communications, Inc., 264 F.3d 622, 639-40 (6th Cir. 2001)(reversing award of attorney fees in Copyright Act case where plaintiff had presented "colorable, albeit meritless" claims).

3

The question is whether the suit was "unfounded when it was brought."

While Plaintiff's case was undoubtedly weak in several respects, it was not, in this Court's view, completely "unfounded." The parties agree that it is *possible* to acquire trademark protection in a number. See GTFM, Inc. v. Solid Clothing, Inc., 215 F. Supp. 2d 273 (S.D.N.Y. 2002).[1] While Plaintiff was unsuccessful in doing so in this case, it did make an effort to present evidence in support of each element of a trademark infringement claim. Unfortunately, it relied too heavily on the declarations of Hollister employees Michael J. Stevenson and Perry Brown, which the Court found to be largely inadmissible.[2] While the Court ultimately held that Plaintiff had failed to present sufficient evidence from which a reasonable jury could find that the parties made trademark use of the number "22," or that Plaintiff had acquired secondary meaning in the number "22," Plaintiff's claim was "colorable." Therefore, the Court does not find that the suit was "unfounded when it was brought."

### B. Subjective Inquiry – Plaintiff's Conduct

As mentioned above, a second purpose of the attorney fee provision of the Lanham Act is to protect defendants against "harassment." See Eagles, 356 F.3d at 729. Defendant argues that

---

[1] Shortly after filing suit, Plaintiff filed an application with the United States Patent and Trademark Office to register the number "22" as a trademark. While the motion for summary judgment was pending, a trademark examiner issued an initial denial of the application. Plaintiff later withdrew its application.

[2] Plaintiff argues that "the court granted summary judgment before Hollister had an opportunity to conduct a survey or to even conduct discovery, in order to gain evidence to support its position." (Mem. in Opp'n to Mot. for Atty. Fees at 8-9). But, as Defendant notes, if Plaintiff felt it needed more time for discovery, it could have filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f).

Plaintiff's suit was nothing more than a baseless "attempt to control competition." (Mot. for Atty. Fees at 9). In support of its argument, Defendant notes that Hollister's parent company, Abercrombie & Fitch Co. ("Abercrombie"), brought a claim of trade dress infringement against Defendant only a few years ago. There too, this Court granted Defendant's motion for summary judgment. See Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 130 F. Supp. 2d 928 (S.D. Ohio 1999), aff'd on other grounds, 280 F.3d 619 (6th Cir. 2002). Defendant notes that it has now been the target of two unsuccessful suits. It claims that something must be done to deter Plaintiff from filing additional frivolous lawsuits. Defendant further argues that the experience and sophistication of Plaintiff's counsel in matters of trademark litigation lead to the conclusion that Plaintiff must have *known* that its claim in the instant case would fail, and therefore the only purpose for filing suit was to harass Defendant.

Plaintiff, however, contends that it had a good faith belief that it had acquired a common law trademark in the number "22," and that Defendant was infringing on its trademark rights. Prior to filing suit, Plaintiff attempted to resolve the issue by sending a "cease and desist" letter. Defendant's counsel denied that Plaintiff had acquired trademark rights in the number "22," but nevertheless indicated that he expected that, in the future, Defendant would use numbers other than "22" on its merchandise. (Ex. 4 to Compl.). Plaintiff replied that it would "not pursue this matter, provided American Eagle will, as you expect, discontinue the use of the number '22' beginning with this fall season." (Ex. A to Colucci Decl.). Only after Defendant continued to prominently display merchandise bearing the number "22" did Plaintiff file suit.

Under the circumstances presented here, the Court does not find that it is clear that Plaintiff filed suit in order to harass Defendant. The earlier suit was brought by Plaintiff's parent

company and involved different issues.  Furthermore, Plaintiff attempted to resolve the instant matter short of litigation.  While it is doubtful that Plaintiff's counsel believed that this was a *strong* case, the trademark infringement claim was not so weak that Plaintiff's counsel must have *known* that it would fail.  Guaranteed success, of course, is not a prerequisite to filing suit.  Plaintiff is entitled to take legal action to protect its intellectual property rights.  In the Court's view, while Plaintiff's motivation for filing suit in this case may be arguable, it is not so clearly improper as to deem this an "exceptional" case.

Furthermore, once Plaintiff's trademark application was initially denied and the Court granted Defendant's motion for summary judgment, Plaintiff took no further steps to prolong the litigation.  It withdrew the trademark application and did not appeal the Court's order.  Under the circumstances presented here, the Court concludes that Plaintiff's suit was not "oppressive."  Therefore, because it is not an "exceptional" case, no fees are warranted.

### III.    Conclusion

For the reasons stated above, Defendant's motion for attorney fees (Record at 40) is **DENIED**.  Each party will bear its own attorney fees and costs.

**IT IS SO ORDERED.**

Date: May 4, 2005                                           **/s/ John D. Holschuh**
                                                            John D. Holschuh, Judge
                                                            United States District Court